UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRYANT ERIC SCHAROUN,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant,

                                 /

Case No. 2:26-cv-19-KCD-KRH

## **ORDER**

Plaintiff Bryant Eric Scharoun previously pled guilty to a drug trafficking conspiracy and possession with intent to distribute. *See United States v. Scharoun*, No. 2:23-cr-00122-KCD-KRH (M.D. Fla. 2023).[1] After receiving a 180-month sentence—a term significantly below his advisory guidelines range—Scharoun now challenges the result through a motion to vacate under 28 U.S.C. § 2255. (Doc. 1.) He claims his trial lawyer was constitutionally ineffective for allowing the Government to breach the plea agreement by factoring methamphetamine and fentanyl into his sentencing calculation. (*Id.* at 5-9.)[2] In Scharoun's telling, his plea was a "cocaine-only" bargain. But plea agreements are construed according to ordinary contract principles, meaning we look at the text of the bargain struck. *See Puckett v.*

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] Scharoun's motion is not paginated, so the Court cites to the page numbers generated by its electronic filing system.

*United States*, 556 U.S. 129, 137 (2009); *United States v. Young*, 851 F. App'x 938, 942 (11th Cir. 2021). Because Scharoun's agreement contains no such limiting stipulation, the Government did not breach the contract, and his attorney could not have been ineffective for failing to raise a meritless objection. The § 2255 petition (Doc. 1) is thus **DENIED**.

## I. Legal Standard

Section 2255 provides a mechanism for federal prisoners to seek relief from an unlawful sentence. *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017). It is an "extraordinary remedy," not a second bite at the apple. *Hart v. United States*, No. 5:03-CR-16(HL), 2009 WL 1886073, at *2 (M.D. Ga. July 1, 2009). Relief is available under § 2255 when: the sentence violates the Constitution or laws of the United States; the court lacked jurisdiction; the sentence exceeded the maximum authorized by law; or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The burden lies with the petitioner to prove his entitlement to relief. *Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017).

## II. Discussion

Scharoun advances two distinct constitutional claims—ineffective assistance of counsel and a due process violation based on prosecutorial breach—but they collapse into a shared premise. He maintains that his plea agreement locked the Government into a "cocaine-only" universe. Because

2

count eight involved 500 grams or more of cocaine, and the factual basis in the plea agreement specifically noted the two kilograms of cocaine found in his closet, Scharoun believes the Government was precluded from introducing evidence of methamphetamine and fentanyl to calculate his guidelines range at sentencing. By extension, he argues the Government breached the plea agreement by allowing the presentence report to include those other drugs, and his trial lawyer was constitutionally deficient for failing to object.

The problem with Scharoun's argument is that it cannot be squared with the bargain he actually struck. Looking at the plea agreement, there is no "cocaine-only" limitation to be found. Quite the opposite. Scharoun pled guilty to a conspiracy that the agreement's own factual basis explicitly admits involved "methamphetamine, cocaine, and fentanyl." Far from restricting the Government's ability to introduce relevant conduct, the agreement expressly reserved the right to report "the totality of the defendant's criminal activities . . . not limited to the count(s) to which defendant pleads." Without a binding stipulation capping the drug quantity or type, the Government was well within its rights—and indeed, its obligation to the Court—to ensure the sentencing calculus reflected the full scope of the conspiracy.

Scharoun tries to analogize his circumstances to *United States v. Boatner*, 966 F.2d 1575 (11th Cir. 1992), but that case only highlights the

flaw in his reasoning. In *Boatner*, the government explicitly stipulated that "two ounces of cocaine would be the only quantity considered for sentencing purposes." *Boatner*, 966 F.2d at 1577. Scharoun's plea agreement contains no such promise restricting the drug types or quantities to be considered for sentencing. Because the Government did exactly what the plea agreement permitted, there was no breach. And because there was no breach, trial counsel's performance was not deficient.

    **ORDERED** in Fort Myers, Florida on July 6, 2026.


Kyle C. Dudek
United States District Judge

4